MELLODY E. HUNTLEY v. SOCIAL SECURITY ADMINISTRATION
Docket # CH-0752-19-0568-I-1
My Position 2009 to 2019
Summary Page

**Case Title :** MELLODY E. HUNTLEY v. SOCIAL SECURITY ADMINISTRATION

**Docket Number :** CH-0752-19-0568-I-1

**Pleading Title :** My Position 2009 to 2019

**Filer's Name :** Mellody E. Huntley

**Filer's Pleading Role :** Appellant

## Details about the supporting documentation

N/A

# Table of Contents

Pleading Interview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Uploaded Pleading Text Document . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

MELLODY E. HUNTLEY v. SOCIAL SECURITY ADMINISTRATION
Docket # CH-0752-19-0568-I-1
My Position 2009 to 2019
Online Interview

1. Would you like to enter the text online or upload a file containing the pleading?

See attached pleading text document

2. Does your pleading assert facts that you know from your personal knowledge?

Yes

3. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

## MASTER DOCKET INTAKE OUTLINED BELOW:

eBP online: http://odar.ba.ssa.gov/resources/workload/hearing-level/ebp/ebp-version-3-8-3/

| |
|---|
| eBP Home Page |
| eBP Version 3.8.3 |
| Benefits of the Process |
| Communicating in the CEF |
| CPMS Status Codes |
| Disposition Codes |
| eBP Desk Guides |
| Electronic Resources |
| Glossary |
| eBP Tips |
| OHO BP Issuances |
| Regional Coordinators |
| Training Materials |
| What's New? |

## eBP Version 3.8.3

The standardized electronic business process is intended for use as an electronic resource tool, and its value will be reduced when used as a printed document. You can maneuver through the contents of the eBP by using the scroll bar on the screen or by using the up and down arrow buttons on your keyboard. You may also use the hyperlinks that you find throughout the document. These links will take you to each section of the document and then back to the Table of Contents (TOC).

Each item in the Table of Contents is a hyperlink. The remaining hyperlinks throughout the site can be identified by text that is blue and underlined. You may also use the Back arrows at the top of the page to help you maneuver through the web site and the hyperlinks.

| Section Number | Table of Contents |
|---|---|
| **eBP Version 3.8.3 DOC** | |
| | What's New |
| | Introduction |
| | Communicating in the CEF |
| **SECTION 1– Front Desk & Incoming Workloads** | |
| 1.1 | Front Desk Responsibilities |
| 1.2 | Process Incoming Paper Mail |
| 1.3 | Process Incoming Electronic Alerts |

| | eBP Version 3.8.3 DOC |
|---|---|
| **Section Number** | **Table of Contents** |
| **1.4** | **Hearing Office Case Intake and File Analysis** |
| 1.4A | National Hearing Office Case Intake and File Analysis |
| | **SECTION 2 – Screening and Case Review** |
| 2.1 | Attorney Adjudicator Screening |
| 2.2 | Decision Writer Review |
| 2.3 | ALJ Review of Referred Cases |
| | **SECTION 3 – Case Work Up, Development and Review** |
| 3.1 | Manage Cases Awaiting Work Up |
| 3.2 | Case Work Up |
| 3.3 | Pre Hearing Development |
| 3.4 | ALJ Pre Hearing Review |
| | **SECTION 4 – Scheduling, Holding and Finalizing Hearings** |
| 4.1 | Manage Cases Awaiting Scheduling |
| 4.2 | Schedule Hearings |
| 4.3 | Manage Scheduled Cases |
| 4.4 | Prepare for Hearing |
| 4.5 | Hold Hearing |
| 4.6 | Finalize Hearing Held or Adjourned |
| | **SECTION 5 – Post Hearing Development and Review** |
| 5.1 | Post Hearing Development |
| 5.2 | ALJ Post Hearing Review and Instructions |
| | **SECTION 6 – Decision/Dismissal Drafting and Disposition** |

| eBP Version 3.8.3 DOC | |
|---|---|
| **Section Number** | **Table of Contents** |
| 6.1 | Manage Cases Awaiting Decision Writing |
| 6.2 | Draft Decision or Dismissal |
| 6.3 | ALJ Final Review, Edit and Sign |
| 6.4 | Issue Decision or Dismissal |
| **SECTION 7 – Outgoing Mail and Post Decision Processing** | |
| 7.1 | Post Decision Processing |
| 7.2 | Process Outgoing Mail |
| **REFERENCES** | |
| | Communication Methods |
| | Workload Management Tools |

## 1.4 Hearing Office Case Intake and File Analysis

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** | ***HEARING OFFICE PROCEDURES*** <br> ***(NATIONAL HEARING CENTERS SEE 1.4A)*** <br> Case Intake is the point in the process where new hearing receipts, remands, transfers, etc. are reviewed for CPMS completeness and accuracy and docketed for further action.  Only cases that are subsequent applications with prior cases pending at Appeals Council may remain in MDKT. <br><br> Cases should be receipted in on a First-In, First-Out (FIFO) basis.  For MDKT cases, this means that cases should be receipted in based upon the request for hearing date absent priority status.  Cases should not be assigned to ALJs as decision makers until case workup or later unless ALJ review is necessary (exceptions are remands, critical cases, etc.). <br><br> Central Print should be used to the extent possible for outgoing correspondence. For claimants and representative payees who select a special notice option (blind or visually impaired), follow the Special Notice Option instructions found in the SNO User Guide. <br><br> Note: Effective July 28, 2011, FOs will no longer take a new disability application if a prior disability claim for the same title and same benefit |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis CPMS Status: MDKT (Continued)** | type is pending at any level of administrative review (initial, reconsideration, hearing or Appeals Council (AC)) (SSR 11-1p). <br><br> A. To process new case receipts: <br> 1. Run CPMS Workload Listing of new ***MDKT*** cases (CPMS Auto Establish Desk Guide): <br>    a. Determine proper jurisdiction: <br>      i. If claimant is incarcerated, refer to HALLEX I-2-3-10. <br>      ii. Upon receipt of a misdirected request for hearing from a foreign claimant refer to HALLEX I-2-0-72: <br>        a) Contact the Office of the Chief Administrative Law Judge (OCALJ) via e-mail at ‖ODAR OCALJ and request the designation of a hearing office (HO) for the claim; or <br>        b) Locate and prepare the paper claim(s) folder and send it to: <br> Office of Disability Adjudication and Review <br> Office of the Chief Administrative Law Judge <br> Division of Administrative Support <br> Suite 1608, One Skyline Tower <br> 5107 Leesburg Pike <br> Falls Church, VA 22041-3255 <br><br> Note: the Office of International Operations (OIO) has jurisdiction over cases involving foreign claimants. However, hearing and appeals are handled by ODAR. Upon receipt of a request for hearing, OIO will forward the case to the Office of the Chief Administrative Law Judge for assignment to a hearing office. <br><br>    b. Verify Electronic Folder Indicator (EFI) codes (POMS DI 80850.040) and update as needed in CPMS (CPMS update will automatically update eView) <br>    c. Update the CPMS record as necessary, including: <br>      i. *Key Corrections (if applicable)* <br>        1. Verify claim type <br>        2. Verify hearing type <br>        3. Verify issue indicator code (CPMS Issue Indicator Codes Desk Guide): <br>          a. non-disability cases, which are always paper cases, should be coded as N, O, or X <br>          b. disability cases should be coded as D, P, or R |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <span style="color:red">**CPMS Status: MDKT**</span> **(Continued)** | ii. *General Information* – update/add<br>    1. Alleged disability onset date<br>    2. Date last insured<br>Note: An error message will populate if the Title 2 and/or Title 16 application date is beyond the current date.<br><br>iii. *Parties of Interest* –<br>    1. For Special Notice Option instructions (blind or visually impaired), see <u>SNO User Guide</u><br>    2. Verify language from MBR/SSR/CSR or eView documents and determine the need for an interpreter.  CPMS will set the claimant's language appropriately when the case is auto established.  Language in the "Primary Language" field will match the sort order within eView.  If the claimant's language is not in eView, CPMS will default the language to "Other."<br>    3. Determine the need for an expert (AC Remands only).  CPMS will perform a Blanket Purchase Agreement (BPA) check when an expert is added to an interrogatory and/or scheduled event.  An edit message will generate if the BPA check fails.<br><br>Note: An alert will automatically populate to eView/EDCS when the claimant's name, address, or phone number changes on the "Parties of Interest" screen.  An assistance request is not needed, because the alert will appear in the alerts/message tab in eView.<br><br>iv. *Representative Information*, *Add New Representative*<br>    1. If the *MCS/MSSICS Information* field shows a representative, verify that the file contains a valid appointment of representation and then use *Find Representative* to add the representative to CPMS.  When searching for a representative, note that certain surnames may have a space in them.<br>    2. If you establish that the representative in the *MCS/MSSICS Information* field is erroneous, in CPMS select *No* |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis**<br>**CPMS Status: MDKT**<br>**(Continued)** | *Representative involved*<br><ul style="list-style:none"><li>v. *Case Characteristics* (See the CPMS User Added Case Characteristic Workbook). When reactivating a closed case in eView, CPMS will auto establish the case characteristic(s) from closed cases.</li><li>vi. *Congressional Interest*</li><li>vii. *Development* – create development events to document/track actions pertaining to<ul style="list-style:none"><li>1. Folder<ul style="list-style:none"><li>a. Various types of folder requests</li><li>b. Miscellaneous<ul style="list-style:none"><li>i. Missing request for hearing</li><li>ii. Claimant/representative updates to the FO</li></ul></li></ul></li><li>2. Notices<ul style="list-style:none"><li>a. Post office address information request</li><li>b. Waiver of oral hearing</li></ul></li><li>3. Other<ul style="list-style:none"><li>a. Appointment of representation</li><li>b. Awaiting court decision</li><li>c. Miscellaneous</li><li>d. Good cause for late filing</li></ul></li></ul></li><li>viii. *Scheduling & Hearing Held*, Add New Schedule Event or Add New Video Hearing Schedule Event:<ul style="list-style:none"><li>1. Find and select a hearing site</li><li>2. Select Reminder Notice options (if applicable)<ul style="list-style:none"><li>a. Child presence required at hearing</li><li>b. Remind the claimant to bring medications</li><li>c. Remind the claimant to bring information about work after the alleged onset date</li><li>d. Drug Addiction or Alcoholism (DAA)</li></ul></li><li>3. In the Key Participants Section add a video decline date if appropriate</li><li>4. In the Additional Participants Needed field, add an interpreter as needed.</li></ul></li></ul>2. Ensure that the case is truly a CEF.<ul style="list-style:none"><li>a. For initial entitlement cases:<ul style="list-style:none"><li>i. In eView, go to the Status/History tab.<br>Verify that -<ul style="list-style:none"><li>a. There are boxes (case keys) at each status level in front of the</li></ul></li></ul></li></ul> |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** <br> **(Continued)** | statements "A paper folder has been created for this filing" and "A paper folder for a prior filing is being sent" (i.e. if the case is a prototype, there should be four case keys, and if the case had a reconsideration there should be six case keys). **_And_** <br><br>   b. All boxes for the statement "A paper folder has been created for this filing" must be blank. If you have reason to believe that a box has been erroneously checked, you must investigate this further by contacting the FO, and <br><br>   c. You have medical evidence in section F (yellow) and an electronically signed 831 for each level of adjudication. <br><br>   d. If the Title 2 portion of a concurrent claim is paper and the Title 16 portion is electronic, follow the instructions in the [Converting Paper Disability Cases to Electronic Folders Desk Guide – Concurrent Claims with Title 2 Paper Folders](#). <br><br>   e. If the Title 2 portion of a concurrent claim is electronic and the Title 16 portion is paper, follow the procedures in the [Converting Title 16 Paper Disability Cases to Fully Electronic Folders Desk Guide](#). <br><br>   b. For electronic continuing disability review (eCDR) cases <br>     i. In eView, go to the Status/History. Verify that – <br>       a. The "Yes" radio button is selected at each status level following the statements, "Is the official CDR folder electronic". <br><br>       b. You have medical evidence in section F (yellow) and an electronically signed 832 and/or 833 for each level of adjudication. <br><br>       c. For multiple pending cases ( e.g., eCDR and new DI claim pending at the same time), follow |
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** | |

| Process Steps | Tasks |
|---|---|
| **(Continued)** | the procedures in the <u>Converting Paper Disability Cases to Electronic Folders Desk Guide – Multiple Pending Claims</u>. |
| | 2. Determine if the comparison point decision (CPD) folder was paper or electronic. |
| |     a. A CPD folder is paper if the "Yes" radio button is selected at each status level following the statement, "Is there a paper folder containing medical evidence for the last favorable disability determination?" If the CPD folder is paper, you will treat it the same as a prior paper file (see section 5 below). |
| |     b. A CPD folder is electronic if the "No" radio button is selected at each status level following the statement, "Is there a paper folder containing medical evidence for the last favorable disability determination?" If the CPD folder is electronic, no further action is necessary. |
| |     c. Input the "Comparison point decision date (CPD date in the "General Information" screen in CPMS. |
| |     ii. It is possible to have an eCDR with either a paper CPD folder or an electronic CPD folder. |
| |   c. Make sure all <u>claim types</u> established ***are*** linked to eView. For example, if a Title 16 case is auto-established in CPMS but your review finds the case should be concurrent, ***DO NOT change the claim type:*** |
| **1.4 Hearing Office Case Intake and File Analysis** <br> <span style="color:red">**CPMS Status: MDKT**</span> **(Continued)** |     i. Contact the FO using electronic "Assistance Request" (<u>CPMS Module 18</u> & <u>ODAR Assistance Request User Guide</u>) and have them transfer the missing claim. |
| |     ii. Once the claim is transferred to ODAR through EDCS, the Claim Type will be updated to SSDC and both claims will be shown as linked to eView. |
| |   d. If a concurrent case is auto-established in CPMS but your review finds the case should be only one title, use "Key Corrections" in CPMS to reject the incorrect Title 2 or Title 16 claim. |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br><br> **CPMS Status: MDKT (Continued)** | e. Verify that CPMS and eView contain the correct Hearing Type (2011 OCALJ Memo, "Proper Use of CPMS Hearing Types").  If the hearing type is incorrect, consult with management for further instructions. Ensure that SSI child cases under age 18 are input as a hearing type 10, 50, etc., as appropriate.  Do not establish another SSI case as a hearing type 20 when the child attains age 18 (See Clarification Instructions). <br> f. If a hearing office receives an AC remand on a case that includes an unadjudicated claim not included in the remand, the hearing office should send an email to the \|\|\|ODAR OAO mailbox explaining that there is an unadjudicated claim associated with the original ALJ decision. The unadjudicated claim needs to be addressed by the AC in the remand order before the hearing office can proceed. <br><br> Note: Hearing offices should not use the Clarification Process to address unadjudicated claims. <br><br> Note: When the Appeals Council issues a remand combined with a partially favorable decision for the same claim type, the Office of Appellate Operations (OAO) will convert the CEF to paper. <br><br> 3. If you receive a paper hearing request concerning the issue of disability with no corresponding CPMS record, and eView shows an associated CEF, contact the FO using e-mail to have them take corrective action. <br> 4. Using Query Master and the OEST Tool Bar (OEST Toolbar Support Site), view queries necessary to properly docket case: <br>     a. DEQY, SEQY, MBR/AACT, DDSQ, SSR/SSID, NUMI and PCACCS <br>     b. Review them for pertinent information. <br>     c. If necessary (e.g., OTR reviews), print them and create barcodes for the query section of the CEF or copy and paste the queries generated by the Query Master to a document that can be uploaded to eView and confirm document is located in the Queries section. <br> 5. Prior Files (see HALLEX I-2-1-13) <br>     a. If CPMS displays the prior paper folder indicator in the General Information screen: <br>         i. Attempt to locate the file in your office. <br>         ii. If the prior paper file has not been received, then create a Development item to contact the FO using electronic "Assistance Requests" (CPMS Module 18 & ODAR Assistance Request User Guide). <br>     b. Check the MBR, SSID and DDSQ for other prior filings. If prior filing exists: |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis**<br>**CPMS Status:**<br>**MDKT**<br>**(Continued)** |     i.  Determine the need for the prior file ([HALLEX I-2-1-13](#));<br>   ii.  Check eView to determine if that file is a CEF or a paper file. To do this:<br>       1.  Go into eView;<br>       2.  Enter the SSN to search;<br>       3.  This will show you all electronic folder cases.<br>  iii.  If the prior file is paper, request the prior file through the [Automated Folder Locator](#).<br>  iv.  If the prior file is electronic, find a message in eView indicating "Prior EF"<br>  c.  When a prior paper folder is received for a current CEF:<br>    i.  Add the Case Characteristic type "Other" – "Prior Paper Filing on Electronic Claim (EFPP)"<br>   ii.  Add To Do Item "Retrieve Prior Paper File" as a reminder to ship the prior paper folder upon case closure.<br>  iii.  Create a Message in eView and a remark in CPMS indicating "Prior paper file."<br>  iv.  Store prior file in a central location so that it can be easily retrieved for processing with the CEF.<br>   v.  In Status/History tab in eView, in the Hearing Case Status Summary segment, add a checkmark in the "A paper folder for a prior filing is being sent" box.<br>6.  Through eView, access ORS and upload all pertinent documents to the CEF ([CPMS June 2007 Release Desk Guide](#)):<br>  a)  Application(s)<br>  b)  Amended application(s) if applicable<br>  c)  Denial Notice(s)<br>  d)  Request for Reconsideration (if applicable)<br>  e)  Request for Hearing<br>7.  If required jurisdictional documents are missing in the CEF or the ORS (Online Retrieval System), send an electronic assistance request ([ODAR Assistance Request User Guide](#)) to the FO. **Note:** The hearing request can be any "writing" and does not need to be an HA 501 form. Update CPMS status to **PRE** until a response is received.<br>8.  If representative is indicated on the hearing request, ensure a SSA-1696 is also in the CEF. If an SSA-1696, or equivalent written statement appointing the representative (see [HALLEX I-1-1-11](#)) is not in the CEF, contact the claimant or send an electronic assistance request to the FO to obtain one.<br>9.  Identify cases where right to a hearing has been waived and send DGS form PH8I-Oral Hearing Waiver (HA-4608) for completion. Create a development event in CPMS and diary for receipt of the form. Update CPMS status to **PRE**.<br>10. Review electronic Alerts and Messages in eView and take |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis**<br>**CPMS Status: MDKT**<br>**(Continued)** | appropriate action.<br>11. If a request for hearing appears to have been untimely filed, check to see if there is an OQA notice release date in the Case Data Tab and correct CPMS if necessary (2010 OCALJ memo "Avoid Erroneous Dismissals for Untimely Requests for Hearing after Disability Quality Branch Review – REMINDER").<br>    a) If necessary, review and obtain through DGS the PH3I Late Filing request and document using the CPMS Development screen.<br>12. Review CEF and identify possible special processing needs (CPMS User Added Case Characteristic Workbook):<br>    a. 8001 cases (Appeals Council remand cases of favorable decisions)<br>    b. Aged Case<br>    c. Disability Cessation Case (2010 OCALJ memo "Priority of Case Assignment and Scheduling – First In, First Out – REMINDER" and HALLEX I-2-1-55.D.7).<br>    d. Compassionate Allowance (CAL) (DI 11005.604 Processing Compassionate Allowances)<br>    e. Congressional Inquiry<br>    f. Critical Case (e.g. TERI, Military Casualty, Dire Need, Homicidal/Suicidal, and VPAT)<br>    g. Dismissal<br>    h. On the record (OTR) decision.<br>    i. Remand<br>    j. SSI 90-day cases (non-disability issues)<br>    k. Subsequent Application (prior claim pending at Appeals Council - HALLEX I-1-10-1)<br>        i. For initial applications filed before July 28, 2011, view CPMS for current Appeals Council/DRB level (AC) activity.<br>        ii. If there is an AC level claim pending, then the subsequent application ***must*** remain pending in ***MDKT*** status until the AC has acted on the prior claim.<br>            1. Add the Subsequent Application Case Characteristic – (See the CPMS User Added Case Characteristic Workbook).<br>            2. The ALJ must be Unassigned in CPMS.<br>            3. If CPMS shows that the AC has denied the appeal, you may proceed with processing of the subsequent claim. If applicable, close Subsequent Application case characteristic.<br>        iii. For subsequent applications erroneously accepted after July 28, 2011, offices will follow the procedures outlined in HALLEX I-1-10-5.<br>    l. Prisoner Cases Transfer Policy (HALLEX I-2-3-10 ) |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** <br> **(Continued)** | m. High Risk Claimants (See Section 4.3(H)). <br> n. Vet 100 Percent Perm and Total (VPAT) <br> 13. Establish appropriate Case Characteristic(s) in CPMS and verify that the corresponding Flag(s) are in the CEF (see the CPMS User Added Case Characteristic Workbook). <br>    a. 8001 cases (Appeals Council remand cases of favorable decisions) – Tracking - OMRV AND Special Case Processing - INTB (Interim Benefits/protest/pay Status) <br>    b. Aged Case – Special Case Processing - AGED <br>    c. Disability Cessation Case (2010 OCALJ memo "Priority of Case Assignment and Scheduling – First In, First Out – REMINDER" and HALLEX I-2-1-55.D.7) – Special Case Processing - INTB (Interim Benefits/protest/pay Status).  Assign the case immediately to avoid or minimize overpayments. <br>    d. Circuit Court Cases/Acquiescence Rulings – See Class Action or Other Case Characteristics <br>    e. Critical: <br>      i. Terminal Illness – TERI <br>      ii. Military Casualty/Wounded Warrior – MSWW <br>      iii. Vet 100 Percent and Total - VPAT <br>      iv. Dire Need – DRND <br>      v. Homicidal – HOMC <br>      vi. Suicidal – SUIC <br>      vii. Compassionate Allowance – CAL <br>      viii. AC Level Case – Inordinate Delay – DLAY <br>      ix. High Risk – Priority Handling  – HRPH <br>      x. High Risk – Banned – HRBA <br>      xi. Non-Dib SSI Involved 90 Days - SS90 (New CPMS Critical Case Characteristic Code – 90 Day Processing, Non-Disability, SSI-Involved Cases) <br>    f. Incarcerated Claimants – Tracking - JAIL <br>    g. Fugitive Felon Case – Special Case Processing - FUGF <br>    h. Special Notice Option – Special Case Processing - SNO <br>    i. Remand – verify case characteristic matches AC order. <br>    j. SSI Adult – Other - SIAD <br>    k. SSI Child – Other - SICH <br>    l. SSI Redetermination with Payment Continuation – Other - SIRE <br>    m. Subsequent Application - Unique – SBAP <br>    n. Res Judicata – Tracking - RSJD <br> B. To process Appeals Council and court remands (new case receipts): <br>    1. Run CPMS Workload Listing type of Other applications, details AC Remand/Court Remand; <br>    2. Reactivate each case in eView.  This will move all cases to new receipts for MDKT action (CPMS June 2007 Release Desk Guide).  If a paper remand is not received within five business days, please refer to HALLEX I-2-1-11 B. <br>     Note: If the sole reason for a remand is a missing paper |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <span style="color:red">**CPMS Status: MDKT**</span> **(Continued)** | claim, HO staff must search for the remand folder using the <u>Automated Folder Locator</u>. If the remand folder cannot be located, HO staff must reconstruct the folder and prepare the case for a new hearing. <br><br> 3. Run CPMS Workload Listing of Other Application/New Case Receipts: <br> a. Determine proper jurisdiction. When an electronic remand of a decision issued by an NHC ALJ is received: <br>   i. Determine if the NHC is still providing assistance to the hearing office. Note: The NHC is no longer providing assistance to the hearing office if it is no longer accepting permanent case transfers from the office. <br>   ii. Verify that the NHC ALJ who issued the decision is currently stationed at the NHC. <br>   iii. If both requirements are met, transfer the remand to the NHC (<u>2011 CALJ memo on "Remands to National Hearing Center (NHC) Administrative Law Judges (ALJs) -- INFORMATION</u>." <br>   iv. If the file contains a video objection, do not transfer the case to the NHC. <br> b. Update CPMS record with the original hearing request date in the hearing request date field and the remand date field with the remand order date. <br> 4. Verify CPMS has been updated with the Remand Case Characteristic Code found in the Appeals Council case (See the <u>CPMS User Added Case Characteristic Workbook</u>). <br> 5. Update CPMS status to ***UNWK***. <br> 6. Once Remand case auto-establishes in CPMS, access the prior ALJ level case in CPMS (i.e. 10, 50, etc.) and delete the *Other Applications – Pending AC or Court Remand* To Do Item. <br> 7. Check and determine if a subsequent application regarding the same issue is pending at the hearing level and take appropriate action. Create a single record in accordance with <u>HALLEX I-1-10-10</u>. The remand folder is the official folder. <br> a. If the subsequent application is a CEF, use the Join Claims function in eView (<u>Join Claims Power Point</u> and <u>Join Claims How to doc</u>). <br> b. If the remand order directs us to consolidate the subsequent claim for hearing, offices must: <br>   i. Use the Join Claims functionality in eView for the remanded case if both cases are fully electronic. <br>   ii. Dismiss the subsequent application using OTDI if it is pending at the hearing level. |
| **1.4 Hearing Office Case** | |

| Process Steps | Tasks |
|---|---|
| **Intake and File Analysis** <br> **CPMS Status: MDKT** <br> **(Continued)** | iii. If the hearing on the subsequent application has not been held and the exhibits have not been entered into evidence, add the pertinent documents from the subsequent application folder to the remand folder. <br> 1. If the remand folder is paper and the subsequent application folder is fully electronic, print the documents from the subsequent application folder and add them to the remand folder. <br> 2. If the remand folder and the subsequent application folders are fully electronic, use the "Locate Docs" and "Copy Docs" functions (**DI 81005.052**) in eView to add documents from the subsequent application folder to the remand folder. <br> 3. If the remand folder is fully electronic and the subsequent application is paper, scan the documents from the subsequent application folder to the remand folder. <br> iv. If a hearing for a subsequent application has been held and the exhibits have been entered into evidence, add the pertinent documents from the subsequent application folder to the remand folder. <br> 1. If the subsequent application folder is paper and the remand folder is fully electronic, scan the exhibits from the subsequent application folder to the remand folder. <br> 2. If the subsequent application folder and the remand folder are fully electronic, "Staple" the exhibit list from the subsequent folder to the remand folder using the "Select Another Folder's Exhibit List" function on the "Exhibit List" tab in eView (see the "View Prior CEF (Attach a Prior List to the Current Exhibit List)" section of the eView Functionality Guide Release 26). <br> 3. If the remand folder is paper and the subsequent application folder is fully electronic, print the documents from the subsequent application and add them to the remand folder. |
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** <br> **(Continued)** | 8. For medical cessation remand cases, follow the procedures outlined in HALLEX I-2-8-7. <br> 9. If the same ALJ hears a remand case, copy the previously completed Hearing Level Disposition Summary (HLDS) in the Electronic Bench Book (eBB) instead of creating a new HLDS. However, hearing office staff must create a new HLDS for a remand that needs to be assigned to another ALJ (e.g., second remand). |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** **(Continued)** | Note: When the Appeals Council issues a remand combined with a partially favorable decision, a CEF claim will be converted to a paper file by OAO. <br><br> C. **Always verify that a case is <u>not</u> a CEF before manually establishing it in CPMS:** <br>    1. If you are manually establishing a case and receive an alert on the screen that states there is a matching case in the electronic folder, do you want to continue – select "NO." Contact the FO and have them transfer the electronic folder to the HO. <br>    2. If you manually establish a case in CPMS and then discover the case is an electronic case, e-mail the FO and have them transfer the case to the hearing office through EDCS. This action will automatically establish the proper "link" to eView. You must then delete the manually established case. <br>    3. If you manually established a Title 2 case in CPMS then discover the case is an electronic case but the FO can no longer transfer the case through EDCS (too much time has lapsed between the request for hearing date), you must work the case as a paper case because the CPMS record will not link to eView. <br>    4. If a concurrent or Title 16 only case is manually established in CPMS, the Title 16 portion may be able to be converted to a fully electronic case ([Converting Title 16 Paper Disability Cases to Fully Electronic Folders Desk Guide](#)). <br><br> Note: These instructions do not apply to escalations. <br><br>    5. [GN 03103.080](#) contains instructions for processing non-disability cases at the hearing level. FOs and processing centers are responsible for certain development in non-medical cases. If ODAR receives a non-medical request for hearing without any supporting documentation or the eNDSS, the HO must contact the FO or PC by telephone, fax, or email to obtain the information. If HOs do not receive the necessary development within 30 days of receiving the request for hearing, staff should refer the case to a manager. RO assistance may be requested if the manager does not receive a response. Note: The Non-Disability Appeal Report (also called the NDAR) is no longer required for processing non-medical hearing cases. <br> D. For vacating dismissals and reopening most recent ALJ's decision, follow reactivation procedures ([CPMS June 2007 Release Desk Guide](#)). <br> E. To process incoming Permanent Case Transfers, run CPMS Workload Listing ([CPMS Manual Module 11](#)): |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** <br> **(Continued)** | 1. Default type – Custom <br> 2. Listing type - Permanent transfer in <br> 3. Select Edit action from the listing <br> 4. Update CPMS status <br> 5. Verify the FO code, hearing site code and the claimant's address with the CEF and update as necessary. <br> 6. Generate DGS Letters/Transfer Request for Hearing 3D-6D using *Central Print*. For multiple cases, use the DGS Transfer Request for Hearing – Batch process. <br> F. For all new case receipts: <br>   1. Update CPMS status to *UNWK* and select "Unassigned" or appropriate employee. <br>     a. For cases linked to eView, the system will automatically generate the "Request for Hearing Acknowledgement Letter," once the case is placed in *UNWK* ([CPMS September 2015 Release](#)) <br>     b. For cases <u>not</u> linked to eView, create Document Generation System (DGS) "Request for Hearing Acknowledgement Notice" using the batch processing function & *Central Print* to the extent possible ([Request for Hearing Acknowledgement Letter Central Print Desk Guide](#)). <br>       i. If the file contains evidence from the Office of the Inspector General (OIG) or Cooperative Disability Investigations Unit (CDIU), amend the standard acknowledgement letter pursuant to [HALLEX I-2-10-2](#). <br>       ii. Include the "What Happens Next" and "Why You Should Have Your Hearing by Video" inserts & provide pertinent information. <br>       iii. A barcode for "Attorney/Representative Supplied Evidence" will automatically be generated for represented cases. <br>       iv. Barcodes are not sent to unrepresented claimants. <br>       v. Upload notice from DGS to the CEF. <br>       vi. Batch the notice <br><br> **Note: Update CPMS to UNWK <u>first</u> before moving a case to the next appropriate status. Otherwise, the system will not automatically generate a "Request for Hearing Acknowledgement Letter" for cases linked to eView.** <br><br> Note: Automatic noticing does not apply to SNO cases. See the [SNO User Guide](#) for processing. The notice must be manually prepared in DGS. |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <span style="color:red">**CPMS Status: MDKT**</span> **(Continued)** | 2. Update CPMS status as appropriate:<br>   a. For OTR review cases, refer to management for assignment.<br>   b. For possible dismissal cases – update CPMS status to ARPR and select appropriate ALJ.<br>      i. **Do not send the *Request for Hearing – Acknowledgement Notice* until ALJ makes determination.**<br>      ii. **Once determined dismissal is not appropriate, send *Request for Hearing – Acknowledgement Notice*.**<br>   c. For cases requiring development (i.e. hearing request missing) – *PRE*<br>   d. For cases requiring expedited processing such as disability cessation, 8001, and remands, etc. – expedite for case work up<br>3. For claimant change of address, see Section 1.2 C.2.a and Section 1.2 C.2.b. If the hearing office does not have jurisdiction:<br>   a. Add the following Remark: "***Transferring case due to change of residence while in MDKT status***"<br>   b. Transfer the file to the servicing hearing office.<br>4. For 1696, termination of representation, fee agreements and fee petitions on pending cases, see Section 1.2 C.3. Add the ***principal representative*** on the 1696 in CPMS. (Multiple Representatives Desk Guide).<br>5. For 1695s, follow the instructions in HALLEX I-1-2-95. Do not exhibit the SSA-1695.<br>G. When a claimant requests transfer of a case to another hearing office for reasons other than a change in residence, the ALJ will evaluate the request using the good cause procedures in HALLEX I-2-3-12 C and HALLEX I-2-0-70 D.<br>H. When permanently transferring a case out:<br>   1. If the FO misrouted the case upon initial transfer of the hearing request, complete all case intake actions (including updating <u>all</u> CPMS fields) prior to transferring the case to the correct office.<br><br>   Note: Add the following Remark in CPMS when transferring a case in ***MDKT*** status misrouted by the FO:<br>   ***Transferring case misrouted by FO while in MDKT status.***<br><br>   2. If the Private Section contains relevant documents for use at the new office, (e.g., when an ALJ transfers to a new office and takes their cases with them), clone the documents using the office code of the receiving office (Clone Private Section Documents Memo). **Do not move the documents to the C Section.** |

| Process Steps | Tasks |
|---|---|
| **1.4 Hearing Office Case Intake and File Analysis** <br> **CPMS Status: MDKT** <br> **(Continued)** | I.   Work the following <u>DART</u> reports each week: <br>    1. E10 – Pending and Potential Subsequent Applications report to identify these cases. <br>    2. E13 – EF Discrepancy Case Listing to identify any concurrent CEF cases where one claim is not properly linked. <br>    3. T10–AC Remand Case Listing to identify cases that have been remanded but not reactivated or re-established in CPMS. <br>    4. T10B – Court Remand Listing <br>    5. K6 – MDKT SubApp and Benchmark Report to determine if MDKT cases are over the benchmark or remains a subapp. <br>    6. M10 – Possible Case Transfer Listing By Zip Code to identify cases where the claimant lives outside of the hearing office service area <br>    7. M12 – Possible Coding Discrepancies of Non-Disability Issues <br>    8. M14- On Behalf of Person Missing – Claimant Deceased Report <br> J.  Optional DART reports to help identify case intake issues: <br>    1. K7 – Possible On Behalf Of (OBO) Discrepancy Listing <br>    2. K15 – Prior Filing Indicated on Electronic Folder <br>    3. K22 – Possibly Untimely Filed Report <br>    4. M3 – Unverified Auto-Establish Cases <br><br><br> **Note: Take appropriate action on To Do List Item(s) (Edit/Delete) prior to changing CPMS status codes.** |

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties. Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Central Regional Office | My Position 2009 to 2019 | e-Appeal / e-Mail |
| Agatha Joseph<br>Appellant Representative | My Position 2009 to 2019 | e-Appeal / e-Mail |
| General Counsel<br>Agency Representative | My Position 2009 to 2019 | e-Appeal / e-Mail |
| James Hail, Esq.<br>Agency Representative | My Position 2009 to 2019 | e-Appeal / e-Mail |
| Jordan Stein<br>Agency Representative | My Position 2009 to 2019 | e-Appeal / e-Mail |